NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANDRA KIRKMAN, individually and as successor-in-interest to John Alaniz, deceased; CARLOS ALANIZ, individually and as successor-in-interest to John Alaniz, deceased,

Plaintiffs - Appellees,

v.

STATE OF CALIFORNIA; RAMON SILVA,

Defendants - Appellants,

No. 25-1889

D.C. No.
2:23-cv-07532-DMG-SSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted March 10, 2026
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and LIBURDI, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

The State of California and California Highway Patrol Officer Ramon Silva (Silva) appeal the district court's denial of their motion for summary judgment based on qualified immunity in this case brought under 42 U.S.C. § 1983, and stemming from Silva fatally shooting John Alaniz (Alaniz). "We review de novo the district court's decision denying summary judgment on the basis of qualified immunity." *Peck v. Montoya*, 51 F.4th 877, 884 (9th Cir. 2022) (citation omitted). We affirm.

**1.** We generally lack jurisdiction to review an interlocutory appeal challenging the sufficiency of the evidence, *i.e.*, which facts a party may, or may not, be able to establish at trial. *See Est. of Anderson v. Marsh*, 985 F.3d 726, 732-33 (9th Cir. 2021) (citation omitted). However, if the interlocutory appeal "raises purely legal questions . . . such as whether his alleged conduct violated clearly established law," we have jurisdiction to "review those issues." *Id.* at 731. If the facts are disputed, we must accept Plaintiffs' version of events unless "blatantly contradicted by the record." *Scott v. Smith*, 109 F.4th 1215, 1222 (9th Cir. 2024) (citation and internal quotation marks omitted).

Because the video evidence in this case does not blatantly contradict Plaintiffs' version of the facts, we resolve all factual disputes in Plaintiffs' favor. *See id.* Viewed in that light, a reasonable jury could conclude that Silva's actions constituted an excessive use of force. Further, the law is clearly established that it

is unconstitutional to use deadly force against an unarmed individual who poses no threat to the officer or others. *See Espinosa v. City & Cnty. of San Francisco*, 598 F.3d 528, 533, 538 (9th Cir. 2010); *see also A. K. H. by and through Landeros v. City of Tustin*, 837 F.3d 1005, 1009, 1013 (9th Cir. 2016) (*Landeros*).

To constitute clearly established law, "existing precedent" need not be directly on point, so long as it "place[s] the statutory or constitutional question beyond debate." *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (2021) (per curiam) (citation omitted). *Espinosa* and *Landeros* establish that when an officer makes a mistake of fact as to whether a suspect is armed and thus poses an imminent threat to the officer or someone else, the reasonableness of that mistake determines whether deadly force was excessive. *See Espinosa*, 598 F.3d at 538; *see also Landeros*, 839 F.3d at 1011-12. Viewing the facts in the light most favorable to Plaintiffs, Officer Silva's mistaken belief that Alaniz possessed a gun was not reasonable. *See Espinosa*, 598 F.3d at 538. Accordingly, we affirm the district court's denial of qualified immunity. *See Landeros*, 837 F.3d at 1013.

**AFFIRMED.**